UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 23-18159-CLC |
| IDEAL PROTEIN OF AMERICA, INC., et al.,[1] | Chapter 15 |
| Debtors. | (Joint Administration Requested) |

**NOTICE OF FILING REDLINE OF PROPOSED ORDER GRANTING PROVISIONAL RELIEF PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE**

Ernst & Young Inc., in its capacity as the authorized foreign representative of the above-captioned debtors (collectively, the "Debtors"), by and through undersigned counsel, file the attached proposed *Order Granting Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* redlined against the version filed with the Court at ECF No. 6.

Miami, Florida
Dated: October 9, 2023

/s/ *Jordi Guso*
Paul Steven Singerman
Florida Bar No. 0378860
Jordi Guso
Florida Bar No. 0863580
**BERGER SINGERMAN LLP**
1450 Brickell Avenue
Miami, FL 33131
Telephone:   (305) 755-9500
Facsimile:   (305) 714-4340
Email:       singerman@bergersingerman.com
             jguso@bergersingerman.com

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's federal tax identification number, include: Ideal Protein of America Inc. (9434); 9327-6269 Quebec Inc. (6123); Laboratoires C.O.P. Inc. (2513); and Pharmalab Inc. (5123). The location of the Debtors' service address for purpose of these chapter 15 cases is: 120 NE 5th Avenue, Suite B, Delray Beach, Florida 33483.

12502901-1

- and -

Matthew Fagen, P.C. (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         matthew.fagen@kirkland.com

- and -

Dan Latona (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2000
Email:         dan.latona@kirkland.com

*Co-Counsel to the Debtors*

2

12502901-1

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# ~~WEST PALM BEACH~~MIAMI DIVISION
www.flsb.uscourts.gov

In re:  Case No. ~~23-[●]~~23-18159 (___CLC)
 Chapter 15

IDEAL PROTEIN OF AMERICA INC., *et al.*,[1]

 Debtors. (Joint Administration Requested)

_____/

## ORDER GRANTING PROVISIONAL RELIEF
## PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE

**THIS CAUSE** came before the Court on ~~_____~~October 10, 2023 at 10:00 a.m. (prevailing Eastern Time) upon the *Emergency Motion for Provisional Relief Pursuant To Section 1519 of The Bankruptcy Code* [Docket No. ~~__~~ 6] (the "Motion")[2] filed by the Foreign Representative of the above-captioned debtors (collectively, the "Debtors"), seeking entry of an

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's federal tax identification number, include: Laboratoires C.O.P. Inc. (2513); 9327-6269 Quebec Inc. (6123); Ideal Protein of America Inc. (9434); and Pharmalab Inc. (5123). The location of the Debtors' service address for purpose of these chapter 15 cases is: 120 NE 5th Avenue, Suite B, Delray Beach, Florida 33483.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

order granting certain provisional and injunctive relief, all as more fully set forth in this Motion; and upon the Rosenthal Declaration; and this Court have jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and sections 109 and 1501 of the Bankruptcy Code; and that this Court having found that venue of these chapter 15 cases is proper in this Court pursuant to sections 1410(1)—(3) of the Bankruptcy Code; and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and that adequate and sufficient notice of the filing of the Motion having been given by the Foreign Representative; and this Court having found that the relief required in the Motion is necessary and beneficial to the Debtors, their estates, their creditors, and other parties in interest; and that no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, ~~IT~~ THE ~~IS HEREBY FOUND AND DETERMINED~~ COURT FINDS THAT:

  A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted

2

as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.	There is a substantial likelihood that the Foreign Representative will successfully demonstrate that the Canadian Proceedings constitute "foreign main proceedings" as defined in section 1502(4) of the Bankruptcy Code.

C.	As evidenced by the CCAA Order, the Canadian Court has determined that the commencement or continuation of any action or proceeding in Canada against the Debtors or their assets should be enjoined pursuant to applicable Canadian law to permit the expeditious and economical administration of the Canadian Proceedings, and such relief will either (a) not cause an undue hardship to any creditors or other parties-in-interest or (b) any hardship to such creditors or parties is outweighed by the benefits of the relief requested.  This Court similarly determines that, consistent with the CCAA Order, the commencement or continuation of any action or proceeding in the United States against the Debtors or their assets should be enjoined pursuant to sections 105 and 1519(a) of the Bankruptcy Code to permit the expeditious and economical administration of the Canadian Proceedings, and such relief will either (a) not cause an undue hardship to any creditors or other parties-in-interest or (b) any hardship to such creditors or parties is outweighed by the benefits of the relief requested.

D.	Unless a preliminary injunction is issued, and unless the Debtors are immediately authorized to comply with the CCAA Order, and unless all creditors, persons, parties in interest, contract parties, lenders and governmental units and agencies located within the territorial United States (collectively, the "U.S. Chapter 15 Parties") are bound by the terms of the CCAA Order pending the upcoming recognition hearing to be held by this Court, there is a material risk that the U.S. Chapter 15 Parties may take certain actions against the Debtors, including exercising

3

certain remedies under existing debt obligations, existing executory contracts, or unexpired leases or under applicable law.  Such actions could (a) interfere with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, (b) interfere with and cause harm to the Debtors' efforts to administer and implement the Canadian Proceedings, (c) interfere with the Debtors' operations, and (d) undermine the Debtors' efforts to achieve an equitable result for the benefit of all of the Debtors' stakeholders.  Accordingly, there is a material risk that the Debtors may suffer immediate and irreparable injury (with no adequate remedy at law), and it is therefore necessary that the Court grant the relief set forth in this order (the "Order").

E.  The interest of the public (including the Debtors' U.S. based customers) will best be served by this Court's entry of this Order.

F.  The Foreign Representative and the Debtors are entitled to the full protections and rights available pursuant to section 1519(a)(1), (2), and (3) of the Bankruptcy Code because such relief is urgently needed to avoid transfer or infringement of and to protect the assets of the Debtors, ~~particularly including the Debtors' retail electricity contracts and customers located in the territorial United States,~~ and the interests of their creditors until this Court rules on the petition.

For all of the foregoing reasons, and after due deliberation and sufficient cause appearing therefor, **IT IS ~~HEREBY~~ ORDERED THAT:**

1.  Pending entry of the order recognizing the Canadian Proceedings as "foreign main proceedings" and providing certain related relief pursuant to sections 105(a), 1507, 1510, 1515, 1517, and 1521 of the Bankruptcy Code and notwithstanding anything to the contrary contained in this Order, the Foreign Representative and the Debtors, as applicable, are authorized to comply with the terms, conditions, and provisions of the CCAA Order including, without

4

limitation, the sections of the CCAA Order (a) staying the commencement or continuation of any actions against the Debtors and their assets, (b) imposing a stay with respect to claims or actions against the Debtors' directors and officers or their assets in connection with the directors' or officers' positions at the Debtor, and (d) granting the CCAA Charges (as defined in the CCAA Order). In addition, from entry of this Order until the conclusion of the hearing to consider recognition of the Canadian Proceedings, every U.S. Chapter 15 Party shall be bound by the CCAA Order, subject solely to further order of this Court or the Canadian Court upon prior written notice to the Debtors and the Foreign Representative.

2. Beginning on the date of this Order and continuing until the conclusion of the recognition hearing to be held by this Court (unless otherwise extended pursuant to section 1519(b) of the Bankruptcy Code):

    a. the Foreign Representative is recognized as, and shall be the representative of, the Debtors with full authority to administer the Debtors' assets and affairs in the United States ("U.S.") and may operate the Debtors' business and exercise the rights and powers of a trustee unless otherwise specified in the CCAA Order;

    b. section 362 of the Bankruptcy Code shall apply with respect to the Debtors and the Debtors' property that is within the territorial jurisdiction of the U.S. For the avoidance of doubt and without limiting the generality of the foregoing, the Order shall impose a stay within the territorial jurisdiction of the U.S. of:

        i. the commencement or continuation, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof, or to transfer, assign, or exercise any control over the Debtors' assets located in the U.S., ~~particularly including the Debtors' retail electricity contracts and customers located in the territorial U.S.,~~ except as authorized by the Debtors in writing and in their sole discretion;

5

  ii. except as permitted in the CCAA Order, the creation, perfection, seizure, attachment, enforcement, or execution of liens or judgments against the Debtors' property in the U.S. or from transferring, encumbering, or otherwise disposing of or interfering with the Debtors' assets or agreements in the U.S. without the express written consent of the Foreign Representative, after notice and hearing in conformance with this Court's procedures and rules;

  iii. any act to collect, assess, or recover a claim against the Debtors that arose before the commencement of the Debtors' chapter 15 case; and

  iv. the setoff of any debt owing to the Debtors that arose before the commencement of the Debtors' chapter 15 case against any claim of the Debtors.

In the event of any conflict between the scope of the stays and/or injunctions set forth in the CCAA Order and those contained in this Order, the language of the CCAA Order shall prevail, subject to further order of this Court.

c. section 365(e) of the Bankruptcy Code shall apply with respect to the Debtors' executory contracts and unexpired leases such that, notwithstanding any provision in any such contract or lease or under applicable law, no executory contract or unexpired lease with any of the Debtors may be terminated, cancelled, or modified (and any rights or obligations in such leases or contracts cannot be terminated or modified) solely because of a provision in any contract or lease of the kind described in sections 365(e)(1)(A), (B), or (C) of the Bankruptcy Code, and all contract and lease counterparties located within the U.S. shall be prohibited from taking any steps to terminate, modify, or cancel any contracts or leases with the Debtors arising from or relating in any way to any so-called "ipso facto" or similar clauses;

d. the Foreign Representative shall have the rights and protections to which the Foreign Representative is entitled under chapter 15 of the Bankruptcy Code, including, but not limited to, the protections limiting the jurisdiction of U.S. Courts over the Foreign Representative in accordance with section 1510 of the Bankruptcy Code and the granting of additional relief in accordance with sections 1519(a) and 1521 of the Bankruptcy Code;

e. until the conclusion of the recognition hearing to be held by this Court, no U.S. Chapter 15 Party may file an involuntary petition or similar relief against one or all of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code;

    f.      notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry, (ii) the Foreign Representative and the Debtors' lenders are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and (iii) the Foreign Representative is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order;

    g.      effective upon entry of this Order, section 525 of the Bankruptcy Code shall be in full force and effect in these chapter 15 cases and with respect to each of the Debtors, and this Court shall retain exclusive jurisdiction to hear any purported violations thereof, which requests may be brought by way of an expedited emergency motion;

    h.      any and all landlords or other parties with a lease of premises to the Debtors located within the United States are hereby prohibited from: taking any steps to cancel, terminate, or modify any lease for any reason, including non-payment of rent and/or due to any ipso facto clause described by section 365(e)(1) of the Bankruptcy Code; enforcing any "landlord lien", possessory lien or similar lien against any property of the Debtor; changing the locks or codes on any of the Debtors' premises; or commencing or continuing any eviction or similar proceedings;

    i.      in accordance with the CCAA Order, the Foreign Representative and the Debtors, as applicable, are authorized to pay or remit (a) any taxes (including, without limitation, sales, use, withholding, unemployment, and excise) the nonpayment of which by any Debtor entity could result in a responsible person associated with a Debtor entity being held personally liable for such nonpayment and (b) taxes related to income or operations incurred or collected by a Debtor entity in the ordinary course of business;

    j.      the Monitor is authorized to request, and the Credit Facility Lenders to make, Interim Advances to the Debtors provided that the amount of the unpaid principal does not exceed $4,000,000 or such greater amount as may be authorized, from time to time, in a subsequent order;

    k.      to the extent authorized under the CCAA Order, the Court recognizes, on a provisional basis, the CCAA Charges (as defined in the CCAA Order) granted in the CCAA Order which applies to all of the Debtors' assets located in the U.S., subject to the priorities, terms, and conditions of the CCAA Order;

    l.      to the extent provided in the CCAA Order, and based on the finding therein and to promote cooperation between jurisdictions in cross-border insolvencies, the Debtors are authorized to execute and deliver such term sheets, credit agreements, mortgages, charges, hypothecs and security

        documents, guarantees, and other definitive documents as are contemplated, including any definitive documents related to the CCAA Charges (as defined in the CCAA Order)

    m.    the Court recognizes, on a provisional basis, the sales and investor solicitation procedures approval order (the "<u>SISP Approval Order</u>"), approving the sale and investment solicitation procedures and implementation thereof;

    n.    the Court recognizes and authorizes, on a provisional basis, the key employee and officer retention plan (as described in the CCAA Order); and

    o.    such other relief as may be just and proper.

3.    The validity of the indebtedness, and the priority of the liens authorized by the CCAA Order and made enforceable in the United States by this Order shall not be affected by any reversal or modification of this Order, on appeal or the entry of an order denying recognition of the Canadian Proceedings pursuant to the terms of the CCAA Order and sections 105, 1517, and 1519 of the Bankruptcy Code.

4.    Effective on a provisional basis upon entry of this Order, to the extent precluded by or provided for under the CCAA Order, no person or entity shall be entitled, directly or indirectly, whether by operation of sections 506(c), 552(b), or 105 of the Bankruptcy Code or otherwise, to direct the exercise of remedies or seek (whether by order of this Court or otherwise) to marshal or otherwise control the disposition of any collateral or property after a breach under the Interim Order or this Order.

5.    Pursuant to the CCAA Order, the Foreign Representative and the Debtors, as applicable, are authorized to pay or remit (a) any taxes (including, without limitation, sales, use, withholding, unemployment, and excise) the nonpayment of which by any Debtor entity could result in a responsible person associated with a Debtor entity being held personally liable for

such nonpayment and (b) taxes related to income or operations incurred or collected by a Debtor entity in the ordinary course of business.

6. Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

7. Notice of this Order will be provided to: (a) Ernst & Young Inc., as Monitor in the Canadian Proceedings; (b) the Lenders and Agents under the Debtors' prepetition secured credit facility; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the Southern District of Florida; (e) all persons or bodies authorized to administer the Canadian Proceedings; (f) the Provisional Relief Parties; (g) any other parties of which the Foreign Representative becomes aware that are required to receive notice pursuant to Bankruptcy Rule 2002(q); and (h) any other parties of which the Foreign Representative becomes aware that are required to receive notice pursuant to Bankruptcy Rule 2002(q); and (i) such other entities as this Court may direct (collectively, the "<u>Notice Parties</u>"), which satisfies the requirements of Bankruptcy Rule 2002(q). In light of the nature of the relief requested, no other or further notice is required.

8. Service pursuant to this Order shall be deemed good and sufficient service and adequate notice for all purposes. The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Local Rules.

9. The banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing

9

house transfers issued, whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtor, as the case may be.

10. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11. This Court shall communicate directly with, or request information or assistance directly from, the Canadian Court or the Foreign Representative, subject to the rights of a party in interest to notice and participation.

12. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding or contested matter brought in and through the chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

# # #

<u>Submitted by</u>:
Paul Steven Singerman, Esq.
Jordi Guso, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  singerman@bergersingerman.com
         jguso@bergersingerman.com

*(Attorney Singerman is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

| Summary report:<br>Litera Compare for Word 11.3.1.3 Document comparison done on<br>10/8/2023 9:21:18 PM | |
|---|---|
| **Style name:** Color (Kirkland Default) | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://dms.kirkland.com/LEGAL/101187413/1 | |
| **Modified DMS:** iw://dms.kirkland.com/LEGAL/101187413/3 | |
| **Changes:** | |
| Add | 9 |
| Delete | 10 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 19 |